UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

STACEY CARTER #46844                    CIVIL ACTION NO. 21-cv-1453

VERSUS                                  JUDGE TERRY A. DOUGHTY

BEN RAYMOND ET AL                       MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Stacey Carter ("Plaintiff"), who is self-represented, filed this civil rights action to complain about his accommodations and medical care while he was housed at the Shreveport City Jail. He asserts claims under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act. His principal complaints are that his walker was taken from him at booking, he was placed in segregated housing rather than general population because of his disability, and that his medical care in connection with two falls was lacking. Before the court is a Motion to Dismiss (Doc. 22) filed by the several defendants. For the reasons that follow, it is recommended that the motion be granted.

**The Allegations**

Defendants present a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim on which relief may be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). Accordingly, the court will

accept as true the allegations of fact asserted in the original complaint and Plaintiff's response (Doc. 7) to a court order that was docketed as an amended complaint.

Plaintiff had one hip replaced in 2002 and the other replaced in 2018. He was arrested for a probation violation and taken to the Shreveport City Jail on April 27, 2021. Plaintiff arrived at the jail with a walker that he needed for mobility, support, and balance. Booking Supervisor Ms. Taylor told Plaintiff that walkers were not allowed in general population. Plaintiff complained that he needed the device, but Ms. Taylor took it from him and "punished" him by placing him in punitive segregation based on his disability. Plaintiff complains that in punitive segregation the lights stay on for 24 hours a day, and inmates are locked down for 23 and a half hours a day.

On his second day in segregation, Plaintiff was trying to walk back to his one-man cell when he lost his balance, hit his shoulder against a table, and hit his hip on the floor. He was taken by ambulance to a local hospital where he was given Percocet for pain from the bruises and contusions caused by the fall. Plaintiff complains that he never received discharge instructions nor pain medication that was prescribed by the treating physician.

Dr. Dickson, the jail physician and medical director, came to Plaintiff's cell the next day and asked him how he was feeling. Plaintiff reported pain and requested that he be placed in general population where he could receive help from other inmates if needed. Dr. Dickson asked if Plaintiff need his walker for mobility. Plaintiff said he did, and Dickson told him that he would not approve placing Plaintiff into general population.

Plaintiff soon submitted a complaint to Commander Adams about Ms. Taylor placing him in segregation based on his disability and the removal of his walker. Adams

responded that walkers are not allowed in general population and that Plaintiff had been placed in segregation for medical reasons (hip problems; trouble walking).

Plaintiff wrote Ms. Anderson on May 13, 2021 about possibly becoming a trustee so that he might earn an early release. She responded that Plaintiff could not be placed in general population due to his hip problems, and inmates in segregation could not work.

Plaintiff was in the segregation area shower on May 16, 2021 when he slipped and hit his head on the wall and hip on the floor. Plaintiff alleges that he became unconscious and was found by a jailer who awoke him. Plaintiff was rushed to a local hospital and treated for bruises, contusion, a knot on his head, and another uncertain injury. He was given ibuprofen for pain and crutches for mobility, support, and balance. Upon return to the jail, Ms. Taylor ordered the crutches be taken away and that Plaintiff be escorted back to segregation by wheelchair.

Plaintiff later complained to Ms. Taylor that the shower was not handicap accessible, but she stated that it was accessible and asked why he did not grab the handrail. Plaintiff replied that handrails alone do not make a shower accessible under the ADA or Rehabilitation Act. Plaintiff again wrote Commander Adams about his continued stay in segregation, and she responded that Plaintiff would not be able to move to general population due to his condition as well as his slipping and falling. Plaintiff prays for $30,000 for discrimination based on disability, $15,000 for pain and suffering, and $60,000 in punitive damages. He also asks the court to make every shower at the jail handicap accessible and allow all mobility devices in the general population area.

**Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) allows the court to dismiss a complaint for failure to state a claim on which relief may be granted. To avoid such dismissal, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The factual allegations must "raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. "[P]ro se complaints are held to less stringent standards than those drafted by lawyers," but even in a pro se complaint "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

**Claims Under 42 U.S.C. § 1983**

    **A. Medical Care**

Some of Plaintiff's allegations challenge the adequacy of the medical care he received while in jail. It appears that he was a pretrial detainee at the relevant time, so his claims are governed by the Due Process Clause, rather than the Eighth Amendment that applies to claims by convicted prisoners. Baughman v. Hickman, 935 F.3d 302, 306 (5th Cir. 2019) ("The Eighth Amendment ensures the safety of convicted prisoners while due process under the Fourteenth Amendment protects pretrial detainees.").

To succeed on a claim of failure to provide medical care, a detainee must establish that law enforcement responded to the detainee's serious medical needs with deliberate indifference. Williams v. City of Yazoo, 41 F.4th 416, 423 (5th Cir. 2022). To prove

deliberate indifference, the detainee must show that a defendant "knew that he faced a substantial risk of serious harm and failed to take reasonable measures to abate that risk." Id. The knowledge inquiry is subjective, and the reasonableness question is objective. Id. "Deliberate indifference is an extremely high standard to meet." Domino v. Tex. Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).

Plaintiff's allegations do not present a plausible claim of deliberate indifference to a serious medical need. He alleges two incidents that required medical treatment. The first was when he lost his balance and hit his shoulder and hip. Plaintiff alleges that jail staff had him immediately taken by ambulance to a hospital, where he was treated for bruises and contusion. His only complaints are that he did not receive "discharge instruction treatment" or the pain medication prescribed by the treating physician. Plaintiff does not identify what medication was prescribed, but he does state that he was actually given Percocet while at the hospital, and he alleges that Dr. Dickson came to see him at the jail the next day to ask him how he was feeling.

The second medical care incident alleged by Plaintiff happened a couple of weeks later when he allegedly slipped and hit his head and hip against the wall and floor, knocking him unconscious. Once again, he was "rushed" to the hospital to be treated for bruises and knots. Plaintiff alleges that he was given ibuprofen for pain. His only complaint in connection with this round of medical care was that the hospital gave him crutches on discharge, but the jail took them away and escorted him to his cell by wheelchair.

There is nothing in these allegations that fairly describes medical care or lack of care that the law would consider deliberate indifference to a serious medical need. When

Plaintiff was injured, jail staff promptly took him to a hospital for care and, after the first incident, had a physician check on him again the next day. The lack of crutches was remedied by being given a wheelchair for transport to his cell. The alleged lack of prescribed pain medication after the first incident does not describe wrongdoing of a constitutional magnitude given the relatively minor nature of the injuries and that Plaintiff was given pain reliever at the hospital. All claims based on the medical care provided in connection with the two fall incidents should be dismissed for failure to state a claim on which relief may be granted.

**B. Raymond, Cass, Smith, Thomas, and Hector**

There is an alternative reason to dismiss any Section 1983 claims against several of the defendants. Plaintiff's complaint names multiple persons as defendants, but not all of them are alleged to have been involved in the events and decisions underlying his claims. A person can be held liable under Section 1983 only for his or her own acts or omissions. The doctrine of respondeat superior does not apply, so Section 1983 does not permit a cause of action based on the conduct of subordinates. Stewart v. Murphy, 174 F.3d 530, 536 (5th Cir. 1999).

To state a cause of action under Section 1983, the plaintiff "must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995). Defendants' motion also asserts a qualified immunity defense, which requires that each defendant's entitlement to immunity be examined separately. Meadours v. Ermel, 483 F.3d 417, 421-22 (5th Cir. 2007).

Chief Ben Raymond, J. Cass, Superintendent Joe Smith, Jailer Thomas, and Supervisor Hector argue that Plaintiff failed to plead any facts that describe any actions or omissions by them related to the Section 1983 claims at issue. Plaintiff alleges that the events took place at the city jail, "where Ben Raymond is chief of police," and the (former) chief is not mentioned again except in Plaintiff's amended complaint, which states that he is responsible for policies and procedures at the jail and ensuring that it accommodates disabled prisoners. Superintendent Joe Smith is mentioned only in the amended complaint and is said to be responsible for the "daily operations of the Shreveport city jail" with a duty to ensure prisoners with disabilities are treated fairly. Defendant J. Cass is listed in the complaint as a defendant but never mentioned in any allegations. Plaintiff asked for and was granted leave to add additional parties. Docs. 3 & 5. His filing alleged that Ms. Hector oversees the evening shift. Ms. Thomas is said to work under Hector and refuses to allow Plaintiff out of the segregation area to shower during that shift.

Merely listing a person as a defendant, alleging that they are in a supervisory position, or asserting a minimal wrong such as denial of a shower during certain hours is insufficient to allege a plausible claim of a constitutional violation. Plaintiff has not presented sufficient facts with regard to any of these defendants to overcome their Rule 12(b)(6) and qualified immunity challenges. For these reasons, and in addition to those cited above, all Section 1983 claims against defendants Chief Ben Raymond, J. Cass, Joe Smith, Jailer Thomas, and Supervisor Hector should be dismissed with prejudice.

**Americans with Disabilities Act and Rehabilitation Act**

Plaintiff alleges that when he was booked Ms. Taylor took away his walker and punished him by placing him in segregation based on his disability, which prevented him from participating in activities available to able prisoners. He complains that Supervisor Anderson responded to his request to become a trustee by noting that he was ineligible because he was in segregation and, due to his hip problems, he could not be placed in general population. He also complains about the adequacy of the handrails and other aspects of the showers. Plaintiff invokes the ADA and Rehabilitation Act to assert claims based on these allegations.

All of the defendants named in this civil action are individuals. "Suits under the ADA and Rehabilitation Act must be brought against a 'public entity' as opposed to individuals." Phillips Next Friend of J.H. v. Prator, 2021 WL 3376524, n. 2 (5th Cir. 2021), citing Smith v. Hood, 900 F.3d 180, 184 n. 6 (5th Cir. 2018) ("We note that the ADA cannot be assessed against an individual."). Plaintiff therefore fails to state a claim on which relief may be granted against any of the several individual defendants.

Accordingly,

It is recommended that Defendants' Motion to Dismiss (Doc. 22) be granted and that all claims against all defendants be dismissed with prejudice for failure to state a claim on which relief may be granted.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of March, 2024.

_____
Mark L. Hornsby
U.S. Magistrate Judge